SUPREME COURT. Saratoga General Term, June, 1857. *C. L. Allen, James* and *Rosekrans,* Justices.

## THE PEOPLE *v.* PATRICK McKINNEY.

Where a person testifies to what is true in fact, but at the time he testifies does not know it to be true, and has no knowledge on the subject, if such testimony be material and the act willfully committed, such person is guilty of perjury and may be convicted under an indictment in the ordinary form.

Where, in an action on an alleged contract, in which the making of the contract was in issue, a witness testified that he went with the parties to the field where the contract was made, and was present at the making of the contract, and heard it agreed to by the parties, and that no other persons were present except himself and the parties to the contract, and it appeared on the trial of an indictment against such witness, for perjury in giving such evidence, that such witness did not go to the field where the contract was made, and was not present and had no knowledge of the transaction, it was held that such evidence was circumstantially material, and that the witness, having testified willfully, was guilty of perjury.

Form of an indictment for perjury, committed in a civil action tried before a justice of the peace.

THIS was a *certiorari* to the Court of Sessions of the county of Saratoga, in which court the prisoner had been convicted of perjury. The indictment charged:

" That heretofore, to wit, on the twentieth day of August, in the year one thousand eight hundred and fifty-six, at the town of Waterford, in the county of Saratoga aforesaid, before John Cramer, 2d., Esquire, then and there being a justice of the peace in the said town of Waterford, &c., and being then and there duly authorized to execute the duties of the said office, a certain issue which had been theretofore joined between one Patrick Larkin, plaintiff, and one Platt R. Doughty, defendant, before the said John Cramer, 2d, as such justice of the peace, in a certain action on contract, came on to be tried; which said action had before that time been commenced between the parties in that behalf, and was then and there pending before the said John Cramer, 2d, as such justice of the peace, and which said issue was

then and there tried in due form of law, on the said twentieth day of August, one thousand eight hundred and fifty-six, before the said justice in the said town of Waterford.

"And the jurors aforesaid, on their oath aforesaid, do further present: That, upon the said trial of the said issue, Patrick McKinney, late of the town of Waterford, in the said county of Saratoga, did then and there appear, to wit, at the said town of Waterford, on the said twentieth day of August, one thousand eight hundred and fifty-six, and was produced as a witness for and on behalf of the said Patrick Larkin, the said plaintiff, and was then and there sworn in due form of law, and did then and there take his corporal oath, before the said John Cramer, 2d, then and there being such justice of the peace as aforesaid (and duly authorized to exercise the duties of said office as aforesaid), that the evidence which he, the said Patrick McKinney, should give, on the trial of the said issue between the said Patrick Larkin, plaintiff, and the said Platt R. Doughty, defendant, should be the truth, the whole truth, and nothing but the truth, which oath was then and there duly administered to the said Patrick McKinney by the said John Cramer, 2d, as such justice, the said John Cramer, 2d, as such justice, then and there having jurisdiction over the subject matter of the said issue, and the persons of the parties thereto, and the said John Cramer, 2d, having sufficient and competent power and authority to administer the said oath to the said Patrick McKinney in that behalf.

"And then and there, on the trial of said issue, it became and was a material question whether or not, in or about the month of July, one thousand eight hundred and fifty-six, the said Patrick Larkin, the plaintiff, bought twenty lambs of the said Platt R. Doughty, the defendant, at the farm of the said Platt R. Doughty, in the town of Halfmoon, in the said county of Saratoga, at and for the price of two dollars a-piece; and whether or not four of the said lambs were delivered to the said Patrick Larkin; and whether or not

the rest were to be delivered at any time when the said Patrick Larkin would come after them; and whether or not the said bargain was made in the field where the said lambs then were; and whether or not the said Patrick McKinney was present and heard the said contract and the conversation between the said Patrick Larkin and the said Platt R. Doughty in relation to said lambs.

"Thereupon, the said Patrick McKinney being so produced and sworn as aforesaid, and being then and there lawfully required to testify and depose the truth on the trial of said issue, designing and wickedly intending to prevent the due course of justice, and to cause a judgment to pass and be rendered against the said Platt R. Doughty, and in favor of the said Patrick Larkin, plaintiff in said action, did then and there, before the said John Cramer, 2d, then there being such justice of the peace, as aforesaid, willfully and corruptly swear and give evidence on the trial aforesaid falsely, amongst other things, in substance, as follows:

"That the said Patrick McKinney was present when Patrick Larkin, the plaintiff, had a conversation with Platt R. Doughty, the defendant, about some lambs; that this was about four weeks before the time of the said trial before the said justice; that the said conversation took place on the premises of the said Platt R. Doughty, in the town of Halfmoon, in the county aforesaid; that the said Patrick Larkin bought twenty lambs, at two dollars a-head, of the said Platt R. Doughty; that four of the said lambs were delivered; that the rest or residue of the said lambs were to be delivered at any time when the said Patrick Larkin should come after them; that said bargain was made on the premises of the said Platt R. Doughty, as aforesaid, down in the field where the sheep were, about a mile and a half from the house; that the said Patrick McKinney went down into the field where the sheep were with the said Patrick Larkin and the said Platt R. Doughty, and that no one was present when the bargain was made except the said Patrick Larkin,

Platt .R. Doughty, and him, the said Patrick McKinney: whereas, in truth and in fact, he, the said Patrick McKinney, was not present when Patrick Larkin, the plaintiff, had a conversation with Platt R. Doughty, the defendant, about some lambs; and whereas, in truth and in fact, the said Patrick Larkin did not buy twenty lambs of the said Platt R. Doughty; and whereas, in truth and in fact, no portion or number of the said lambs were to be delivered to the said Patrick Larkin at any time or times; and whereas, in truth and in fact, the said Patrick McKinney did not go over into the field where the sheep were with the said Patrick Larkin and the said Platt R. Doughty; and whereas, in truth and in fact, the said Patrick McKinney was not in the field where the sheep were, at any time, with the said Patrick Larkin and the said Platt R. Doughty.

"And the jurors aforesaid, upon their oath aforesaid, do say: That the said Patrick McKinney, on the said twentieth day of August, in the year one thousand eight hundred and fifty-six, at the said town of Waterford, in the county of Saratoga aforesaid, before the said John Cramer, 2d, then and there being such justice of the peace as aforesaid, wickedly, willfully and corruptly did commit willful and corrupt perjury, in contempt of the people of the State of New-York and their laws, against the form of the statute in such case made and provided, and against the peace of the people of the State of New-York and their dignity."

On the trial in the Sessions, the pendency of the suit before the justice of the peace was proved as set forth in the indictment, and also that the defendant testified as is therein alleged. Three witnesses testified that the prisoner was not present at the making of the bargain between Larkin and Doughty, but that Larkin and the prisoner came together to the farm of Doughty, with a span of horses; and that Larkin left the prisoner with the horses, to take care of them, while Larkin and Doughty went away to a different part of the farm, and into another field, to see the lambs

PAR.—VOL. III.        65

which Larkin had come for the purpose of buying; and that none of the conversation in regard to the purchase took place in the presence of the prisoner, except the proposition to go down and look at the lambs. The constable that arrested the prisoner testified that the prisoner escaped from him after his arrest, and was retaken, and that the prisoner while in his custody admitted that he did not go at all into the field where the lambs were, but that he stayed with the horses; and that when the constable asked him why he had sworn so, he said that Larkin told him he would make it all right.

The counsel for the prisoner asked the court to charge that the testimony of the prisoner on the trial before the justice, so far as it related to his having gone to or been in the field when the bargain between Larkin and Doughty was alleged to have been made, and to his having been present at the making of such bargain, and to the presence thereat of no other person but himself and the said Larkin and Doughty, was immaterial to the issues pending before the justice, for the reason that it was undeniable, from the evidence, that the bargain testified to by the prisoner was in fact made at the time and place testified to by him, and that if he had actually obtained knowledge of the existence of such bargain, previous to such oath, by information of the parties, or in any manner fairly entitling him to believe in its existence, it was totally immaterial whether or not he was actually present when or where the bargain was made, or who was present; and although his testimony might be false in those respects, he could not be convicted of perjury therefor. The court declined so to charge, and the prisoner's counsel excepted.

The prisoner's counsel further asked the court to charge that the prisoner could not be convicted under the indictment, on the ground that, although in his testimony as to the existence of said bargain he testified truly, he nevertheless did not know that his testimony in that respect was

The People *v.* McKinney.

true, or upon any like ground in substance, for the reason that said indictment charged no such offence, and did not contain any assignment of perjury embracing any such ground of accusation. The court refused so to charge, and the prisoner's counsel excepted.

The court charged that although the evidence of the prisoner before the justice, concerning the existence and terms of the bargain between the said Larkin and Doughty, was all true, yet, if the jury believed from the evidence that the prisoner, at the time of such testimony, did not know the same to be true, or have such knowledge or information concerning said bargain as fairly justified him in believing his said testimony true, then the prisoner could be properly convicted under the indictment, and it would be the duty of the jury in that case to find a verdict of guilty.

The jury found the prisoner guilty.

*W. A. Beach*, for the prisoner.

I. The court erred in holding that the prisoner could be convicted, under the indictment, for swearing to the truth, not knowing it to be true. The indictment charges no such offence. The crime alleged is that of swearing a thing to be true which was not true. No conviction can be had except under the assignment of perjury in the indictment. (2 *Russ. on Cr.*, 542; 1 *Morris*, 341.)

II. It is immaterial whether or not the bargain prisoner swore to was made at the place testified to, and whether or not he was present; it being admitted, as it was, that the bargain was made.

*John O. Mott* (District Attorney), for the people.

I. The evidence of the prisoner, as to his having gone to and being in the field when the bargain between Larkin and Doughty was alleged to have been made; his having

been present at the making of such bargain; and as to the presence thereat of no other person but himself and the said Larkin and Doughty, were facts circumstantially material upon the question of the prisoner's knowledge of the existence of the bargain to which he testified. They went to show his means of knowledge, and the amount of credit to be given to his evidence before the justice. They were material to his credibility and the admissibility of his evidence. (*Commonwealth* v. *Pollard*, 12 *Metc.*, 225; *Whart. Cr. L.*, 751, 3d ed.; *The State* v. *Wall*, 9 *Yerg.*, 347; *The State* v. *Lavalley*, 9 *Missouri*, 834; *The State* v. *Morris*, 9 *N. Hamp.*, 96; 2 *Russ. on Cr.*, 642, 7th Am. ed.) Whether the testimony was material was a question of law. (*Whart. Cr. L.*, 751.)

II. Though the thing sworn to may be true, yet if it was not known to be by the prisoner, it was perjury, inasmuch as he willfully swore that he knew a thing to be true which he knew nothing about. (2 *Russ. on Cr.*, 597, 7th Am. ed.; *The State* v. *Cruikshank*, 6 *Blackf.*, 62.)

The Supreme Court gave judgment overruling the exceptions and remitting the proceedings to the Saratoga County Sessions, with directions to proceed and render judgment on the verdict.

Conviction affirmed.